UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

EDWARD JONATHAN RIVAS,

Defendant.

Criminal Action No. TDC-19-0417

## MEMORANDUM ORDER

Defendant Edward Jonathan Rivas, a federal prisoner at the Correctional Institution-North Lake in Baldwin, Michigan ("CI-North Lake") has filed a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On October 15, 2020, the Court sentenced Rivas to 54 months of imprisonment on his convictions for conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Having begun pretrial detention on August 22, 2019, Rivas has served over 28 months on his sentence and, with good time credits, is presently scheduled to be released on June 22, 2023.

In his Motion, Rivas seeks a reduction of his sentence to time served under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and his various medical conditions. The Government has informed the Court that it defers to the Court on the disposition of the Motion and has not filed a memorandum in opposition to the Motion.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> * * *
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Where Rivas submitted a request for compassionate release to the Warden of CI-North Lake on May 13, 2021 and more than 30 days have elapsed since that filing, it is undisputed that Rivas has exhausted administrative remedies.

I.  **Extraordinary and Compelling Reasons**

Rivas argues that the COVID-19 pandemic and his specific vulnerability to COVID-19 based on medical conditions present "extraordinary and compelling reasons" that warrant a reduction in his sentence to time served. This Court has previously concluded that the fact that an inmate is at high risk for death or severe illness from COVID-19 based on age, medical conditions, or other factors, particularly when coupled with the fact that the inmate is incarcerated within a prison in which there is imminent risk of exposure to COVID-19, may be sufficient to establish "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) that could justify a reduced sentence or release.

Here, Rivas, who is 43 years old, is a paraplegic as a result of a shooting who must self-catheterize in order to urinate. As reflected in his medical records, Rivas suffers from frequent urinary tract infections and other bladder abnormalities, which he attributes in part to unsanitary conditions and the lack of clean catheters at CI-North Lake. Although not specifically identified as a high-risk condition by the United States Centers for Disease Control and Prevention ("CDC"), there are some signs that individuals with spinal cord injuries are at higher risk for serious complications from COVID-19, in part because such individuals' immunosuppression may be weaker and because those who catheterize are at higher risk of infection from viruses generally. *See* https://www.christopherreeve.org/blog/daily-dose/the-coronavirus-and-spinal-cord-injury (last visited Dec. 30, 2021); *see also* https://kesslerfoundation.org/info/covid-19-and-spinal-cord-injury-minimizing-risks-complications (last visited Dec. 30, 2021).

Moreover, although this Court recommended that Rivas be designated to the Federal Medical Center in Butner, North Carolina or a comparable BOP medical facility, Rivas is presently incarcerated at CI-North Lake, a private, for-profit prison under contract with the BOP, apparently

3

because Rivas has a pending U.S. Immigration and Customs Enforcement ("ICE") detainer and is subject to deportation upon his release. It is undisputed that beyond his frequent infections, which have not been satisfactorily controlled, Rivas has not received treatment for several other medical conditions, including a stomach condition and an ear condition that was identified as requiring surgery in 2019 but for which he has not received the needed surgery for over two years, whether because of generally inadequate medical care at CI-North Lake, difficulties in arranging needed medical treatment and surgery during the pandemic, or both.

Although Rivas previously contracted and recovered from COVID-19 and has received the COVID-19 vaccine, he has not yet received the booster vaccine. At the present time, however, the increasing presence of the omicron variant has resulted in increased cases of COVID-19, including among the vaccinated, across the United States. While the BOP reports on the number of active cases of COVID-19 in BOP facilities, its website contains no data for CI-North Lake, presumably because it is a private prison. The Court therefore cannot determine whether Rivas is presently incarcerated in a facility in which he has an imminent risk of exposure to COVID-19.

Where Rivas has a condition that may place him at high risk for severe illness from COVID-19, he has suffered repeated infections while at CI-North Lake and has not received adequate medical treatment while incarcerated at that private prison, and there is no way to tell whether there are significant numbers of cases of COVID-19 there, the Court finds that Rivas has established "extraordinary and compelling reasons" that can warrant a reduced sentence under the compassionate release provision. *See* 18 U.S.C. § 3582(c)(1)(A).

## II.    18 U.S.C. § 3553(a)

A reduced sentence based on extraordinary and compelling reasons also requires consideration of the factors in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). Here, Rivas

4

seeks a sentence reduction to time served, which would be an effective sentence of over 28 months, or more than half of the original sentence. As for the nature and circumstances of the offense, Rivas's crimes were serious in that they involved the distribution of cocaine and the presence of firearms, but they did not involve the use of the firearms or any violent acts. As for Rivas's history and characteristics, he was in criminal history category I at the time of his conviction, he had a difficult upbringing including domestic abuse, and as a paraplegic, he has serious health challenges. Although the original sentence considered these circumstances, the Court notes that the combination of Rivas's significant medical issues, the lack of satisfactory treatment at CI-North Lake, and the ongoing nature of the COVID-19 pandemic throughout Rivas's period of imprisonment has rendered his prison experience significantly more severe than both that of other inmates generally and that of similarly situated inmates in normal times. Accordingly, a sentence reduction would still result in a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and provides adequate deterrence, particularly to Rivas. The reduced sentence would not create unwarranted disparities among similar defendants in light of Rivas's unique health challenges, as well as the fact that the sentence would still be markedly higher than that of Rivas's co-defendant.

Finally, the Court notes that if sentenced to time served, Rivas will not be released to the community. Rather, he will be subjected to the ICE detainer and will in all likelihood be deported. Thus, a sentence reduction would not fail to protect the public from further crimes by the defendant, and Rivas would not present an ongoing danger to the community or others. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). Thus, under the extraordinary circumstances present here, a sentence reduction to time served would be consistent with the § 3553(a) factors.

The Motion will therefore be granted. To allow for a period of quarantine before his release for public health reasons, the sentence reduction will be to time served plus 14 days.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Rivas's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 152, is GRANTED. An Amended Judgment shall issue.

Date: January 4, 2021

THEODORE D. CHUANG
United States District Judge